1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD MONTGOMERY,                        No.  2:16-cv-0095 CKD P

12                  Petitioner,

13          v.                                 ORDER

14   SOLANO STATE PRISON,

15                  Respondent.

16

17

18          Petitioner is a state prisoner proceeding pro se with this action pursuant to 28 U.S.C. §

19   2254.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1).  Petitioner has consented to the jurisdiction of a United States Magistrate Judge to

21   conduct all proceedings in this action.  (ECF No. 5.)

22          Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. §

23   1915(a).  Accordingly, petitioner may proceed with this action in forma pauperis.

24          Petitioner indicates that this action concerns a "violation of his civil rights to make copies

25   of legal . . . cases and attend civil case court dates."  (ECF No. 4 at 2.)  He claims that the prison

26   law library "refuses to make copies of filed habeas corpus and civil cases, causing me to miss

27   deadlines to serve defendants in each case."  (Id. at 3.)  Petitioner further asserts that prison

28

                                              1

1   officials refuse to transport him for assigned court dates.  (Id.)

2          A habeas corpus petition is the correct method for a prisoner to challenge the legality or

3   duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v.

4   Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976

5   Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for

6   a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136,

7   (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas

8   Rule 1, 1976 Adoption.   Here, as petitioner's claims do not relate to the duration of his

9   confinement, they are not properly brought within this federal habeas action.

10         Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for

11  summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and

12  any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  For the

13  foregoing reasons, and because it does not appear that the petition can be cured by amendment,

14  the petition will be summarily dismissed pursuant to Rule 4.[1]

15         Accordingly, IT IS HEREBY ORDERED that:

16         1.  Petitioner's request for leave to proceed in forma pauperis (ECF No. 8)  is granted;

17         2.  The petition is summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas

18  Corpus Cases under Section 2254; and

19         3.  The Clerk of Court shall close this case.

20  Dated:  April 5, 2016

21                                              _____
                                                CAROLYN K. DELANEY
22                                              UNITED STATES MAGISTRATE JUDGE

23

24

25  2 / mont0095.R4

26  _____
    [1] Petitioner may re-file any claims concerning prison conditions in an action pursuant to section
27  1983.  Petitioner is advised that the statutory filing fee for such an action is $400.00.  28 U.S.C.
    §§ 1914(a), 1915(b)(1).  A section 1983 inmate plaintiff proceeding in forma pauperis is
28  obligated to pay this fee in monthly installments from his or her prison trust account.